IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 19-cv-02823-RBJ

HEDGE CORPORATION, a New Mexico Corporation and
RICHARD S. HOWELL, SR.,

      Plaintiffs,

v.

ROBERT L. TAYLOR,

      Defendant.

## ORDER

      This case is before the court on defendant Robert L. Taylor's motion to dismiss, ECF No. 13. Mr. Taylor moves to dismiss plaintiff Hedge Corporation and Richard E. Howell ("plaintiffs")'s second and third claims only. *Id.* For the following reasons the motion is granted.

## BACKGROUND

      On November 4, 2012 Richard E. Howell, Jr. ("Rick Howell") passed away in Conejos County, Colorado. ECF No. 1 ¶ 8. Rick Howell was an artist who resided at his property at the address 34562 State Highway 17, Antonito, Colorado. *Id.* ¶ 9. Plaintiff Richard Howell is Rick Howell's father. *Id.* ¶ 10.

      Following his death, the entirety of Rick Howell's estate was conveyed to Richard Howell during the probate process. *Id.* ¶ 12. The estate included the house in Antonito and

approximately $2,500,000 in artwork. *Id.* ¶¶ 13; 17. Richard Howell transferred Rick Howell's

artwork to his corporation, plaintiff Hedge Corporation. *Id.* ¶ 14.

On August 7, 2018 Richard Howell entered into a contract to sell the Antonito home to

Defendant Robert Taylor. *Id.* ¶ 18. That contract also conveyed specified personal property but

did not include any of Rick Howell's artwork. *Id.* ¶ 19.

Following the sale, Richard Howell realized that approximately 90 of Rick Howell's

paintings had been mistakenly left in the Antonito house. *Id.* ¶ 22. Mr. Taylor refused to return

the paintings to plaintiffs, and plaintiffs filed this lawsuit seeking return of the paintings and

damages for copyright infringement. *Id.* at 7–8. Plaintiffs assert one claim for replevin, one

claim for copyright infringement, and one claim for conversion. *Id.* at 4–8. On December 23,

2019 Mr. Taylor moved to dismiss plaintiffs' second claim for copyright infringement and

plaintiffs' third claim for conversion. ECF No. 13. Plaintiffs responded on January 27, 2020,

ECF No. 19, and Mr. Taylor filed a reply on February 10, 2020, ECF No. 26. This motion is

now ripe for review.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts

to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*,

493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While courts must accept well-pled allegations as true, purely conclusory statements are not

entitled to this presumption. *Id.* at 678, 681. Therefore, so long as the plaintiff pleads sufficient

factual allegations such that the right to relief crosses "the line from conceivable to plausible," she has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

## ANALYSIS

Mr. Taylor argues that plaintiffs fail to state a copyright infringement claim as plaintiffs have not alleged that the copyrights have been registered. ECF No. 13 at 2. Mr. Taylor then argues that plaintiffs fail to state a claim for conversion because plaintiffs did not have a right to immediate possession of the artwork at issue. *Id.*

### A.  Failure to State a Copyright Infringement Claim

Mr. Taylor argues that plaintiffs failed to allege a registered copyright and therefore have not stated a copyright infringement claim. Section 411(a) of Title 17 states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

Plaintiffs concede that the artworks at issue have not been registered and do not oppose dismissal of this claim. ECF No. 19 at 3–5. Plaintiffs request that the claim be dismissed without prejudice, as they have been unable to register a copyright because the works have been in the possession of Mr. Taylor. *Id.* Because Mr. Taylor does not object, ECF No. 26 at 1, I dismiss plaintiffs' second claim without prejudice.

### B.  Failure to State a Conversion Claim

A conversion has occurred, at the latest, when demand for return of the chattel has been made and refused. *See Emp'rs Fire Ins. Co. v. W. Guar. Fund Servs.*, 924 P.2d 1107, 1111 (Colo. App. 1996). To maintain a conversion action, a plaintiff must establish that he had "at the time of the alleged conversion, either actual possession or title and constructive possession or a right to possession of the land from which the property was taken." *Byron v. York Inv. Co.*, 296

P.2d 742, 746 (Colo. 1956).[1]  Mr. Taylor argues that at the time of the alleged conversion plaintiffs had neither actual nor constructive possession of the artworks, nor a right to possession of the land from which the property was taken.  ECF No. 13 at 7.

Plaintiffs allege that the conversion occurred after the closing of the sale of the Antonito house, when plaintiffs realized the artworks were left in the house and Mr. Taylor refused to return them.  ECF No. 1 at 4.  Plaintiffs argue that they were "entitled to possession of the artwork at the time the demand for its return was made."  ECF No. 19 at 6.  However, plaintiffs do not specify why they were entitled to possession, other than that the artworks were "inadvertently left behind" and that Mr. Howell did not intend to transfer them with the house. *Id.*  I assume that plaintiffs do not dispute that they lacked actual possession at the time of the alleged conversion.  Therefore, plaintiffs' complaint must allege either constructive possession of the artworks or a right to possession of the land from which the property was taken.  *See Byron*, 296 P.2d at 746.

Plaintiffs have not alleged constructive possession of the artworks at the time of the alleged conversion.  Though constructive possession does not require a party to exercise "control over the premises" where the object is located, *United States v. King*, 632 F.3d 646, 651 (10th Cir. 2011), the party must have "'the power and intent to exercise control over the object,' lack of physical control notwithstanding," *In re Kim*, No. 18-1186, 2020 WL 2037212, at *14 (10th Cir. Apr. 28, 2020) (quoting *Henderson v. United States*, 575 U.S. 622 (2015)).  Plaintiffs have

---

[1] Byron articulates the common law formulation of conversion as opposed to the "modern version" in which a plaintiff need not establish possession of a right to possession but rather can show another property interest. *See, e.g.*, *In re Marriage of Langham and Kolde*, 106 P.3d 212, 219 (Wash. 2005). Neither party disputes whether *Byron* applies and that a conversion claim under Colorado law requires possession or a right to possession. *See* ECF No. 13 at 6; ECF No. 19 at 6. *Byron* continues to be cited favorably in this circuit as stating the standard for a conversion claim under Colorado law. *See, e.g.*, *Ecco Plains, LLC v. United States*, 728 F.3d 1190, 1200, n.14 (10th Cir. 2013).

alleged intent to exercise control over the object.  They allege that they did not intend to leave

the paintings behind with the sale of the house, nor did they intend to convey the paintings by

contract.  ECF No. 1 ¶ 22.  The contract also provides evidence of intent, as certain enumerated

pieces of personal property were included in the sale of the house, but the paintings were not

among these items.  ECF No. 1 ¶ 19.

However, plaintiffs' complaint contains no allegation that they had the power to exercise

control over the paintings after the sale of the Antonito house had closed.  The complaint asserts

plaintiffs were the "rightful owners" of the artworks, ECF No. 1 ¶ 42, but lawful ownership does

not convey the right to enter another's home to retrieve left items.  *See United States v. Bailey*,

419 F.3d 1208, 1215, n.10 (11th Cir. 2005) (citing *Garrett v. Valley Sand & Gravel, Inc.*, 800

So. 2d 600 (Ala. Civ. App. 2000) (noting that in *Garrett* the plaintiff who left personal property

in a piece of real property he sold could not maintain an action for conversion of the personal

property "because, although he still owned it, he had no right to immediate possession of it").

Had plaintiffs entered the premises, Mr. Taylor would have been able to lawfully eject them as

trespassers.  *See id.* (quoting *Garrett*, 800 So. 2d at 602) ("[A]fter the closing, [he] could not

have entered the realty to take possession of any personal property left there, without becoming a

trespasser.").

An owner may also establish constructive possession "when a person intending to steal

another's personal property obtains possession of it, although by or with the consent of the

owner, by means of fraud or through a fraudulent trick or device, and feloniously converts it

pursuant to such intent."  *Hite v. United States*, 168 F.2d 973, 975 (10th Cir. 1948).  Plaintiffs

have not alleged that Mr. Taylor obtained possession of the paintings by fraud.  Rather they

acknowledge that the paintings were mistakenly left in the Antonito house, resulting in Mr.

Taylor having actual possession of them.  ECF No. 1 ¶ 22.

Plaintiffs have not alleged they had a right to possession of the land from which the

property was taken.  As discussed above, plaintiffs allege that the conversion occurred after the

closing of the sale of the Antonito house when plaintiffs realized the artworks were left in the

house and Mr. Taylor refused to return them.  ECF No. 1 at 4.  Thus, the alleged conversion

occurred after Mr. Taylor was in lawful possession of the house.

Plaintiffs' response attempts to distinguish *Byron* on the facts.  ECF No. 19 at 6–7.

Though the facts in *Byron* are not identical to this case, this does not alter its precept that a

conversion plaintiff must establish either actual possession, constructive possession, or right to

possession of the land from which the property was converted.  *See Byron*, 296 P.2d at 746.

Indeed, plaintiffs' brief cites *Byron* for the proposition that "the plaintiff must establish that he

was in possession of the property or entitled to possession at the time of the conversion."  ECF

No. 19 at 6.  Plaintiffs have failed to meet this standard as *Byron* describes it.

Plaintiffs' response also argues that a conversion plaintiff need not always have access to

the personal property in order to state a claim, citing *Montgomery v. Tufford*, 437 P.2d 36, 38

(1968).  ECF No. 19 at 7.  In *Montgomery* the Colorado Supreme Court upheld a jury verdict

finding conversion after a tenant was locked out of her apartment for failure to pay rent and the

landlord refused to return her belongings.  437 P.2d at 38–39.  Unlike *Byron*, *Montgomery* does

not discuss the elements required to state a claim for conversion, nor discuss what type of

possession the tenant alleged.  *See id.*  *Montgomery* does not excuse plaintiffs from showing

under *Byron* some form of possession at the time of the alleged conversion.

Plaintiffs' complaint therefore fails to state a claim for conversion.

## ORDER

Defendant's motion to dismiss plaintiffs' second and third claims is granted.  Both claims

are dismissed without prejudice.  All that remains in this case is plaintiffs' first claim.

DATED this 17th day of June, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge